I iCIACCIO, Judge,
dissenting.
As stated by the majority, following an appeal to the Civil Service Commission of disciplinary action imposed on an employee, the appointing authority has the burden of proving by a preponderance of the evidence that the complained of conduct occurred and that it impaired the efficient operation of the governmental activity. Barquet v. Department of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1993). In the present case, the appointing authority charged Mr. Southall with failing to report an accident. In reviewing the record, I find no evidence whatsoever to prove that an accident occurred in this case, thereby requiring a report by Mr. Southall. In fact, the record contains a corrected statement written by Mr. Southall on October 3, 1996 stating that the driver of the vehicle informed him the truck was not involved in an accident. The appointing authority failed to submit the testimony of the driver of truck or any other witness to prove that there was in fact an accident which Mr. Southall failed to report. Under the circumstances presented here, I find that the appointing authority failed to carry its burden of proof to show that the complained of conduct occurred, and I would therefore reverse the decision of the Civil Service Commission to the extent that it upheld the disciplinary action imposed by the S & WB.